**Ethan Levi**, OSB No. 994255
Email: ethan@lmhlegal.com
**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WENDI WORLITZ**, as guardian ad litem for **AMY SCHWIRSE**,<br><br>    Plaintiff,<br><br>    v.<br><br>**COLUMBIA COUNTY**, **CORRECT CARE SOLUTIONS**, **JEFF DICKERSON**, **VIVEK SHAH**, **JULIE WEIGAND**, and **TERRY KALLIO**,<br><br>    Defendants. | No. 3:18-cv-02090-SB<br><br>**COUNSEL FOR WENDI WORLITZ'S UNOPPOSED MOTION TO WITHDRAW** |

### LR 7-1(a) Certification

Pursuant to LR 7-1, undersigned counsel hereby certifies that he conferred with counsel for all defendants and no party objects to this motion or the relief sought.

## Motion

Wendi Worlitz no longer has any legally recognized interest in this case and asks to be removed as plaintiff, along with undersigned counsel.

## Memorandum of Law

Amy Schwirse was a person with a serious mental illness that rendered her unable to make rational decisions in her own interest, including the decisions necessary to prosecute this action. Several years prior to the initiation of this action, Susan Whalen, her mother, was appointed by the Columbia County Circuit Court as her legal guardian. *See In the matter of Amy Lynn Schwirse*, Columbia County Circuit Court No. 137079P. As a result, Susan Whalen was able to prosecute this action on Amy's behalf without the court taking any other action to authorize her to do so. *See* Fed. R. Civ. P. 17(c)(1)(A). On November 11, 2019, Susan Whalen passed away after a long battle with cancer.

On January 21, 2020, this Court appointed Wendi Worlitz (Amy Schwirse's sister) as guardian ad litem to continue to prosecute the case on Amy's behalf. On May 23, 2020, Amy Schwirse died. Upon Amy's death, Wendi Worlitz was no longer able to prosecute the case on Amy's behalf. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 896-7 (7th Cir. 1997) (explaining that a guardian ad litem acts as the responsible "alter ego for a plaintiff who is not able to litigate in [her] own right," but the plaintiff is the real party in interest to create a justiciable controversy). After Amy's death, Wendi has no representative standing because her legal interest dies with Amy. Amy's claims are not extinguished by her death, but the only person who may prosecute the case is the personal representative of the estate of Amy Schwirse. Or. Rev. Stat. § 30.075(1). No estate has been filed, and neither of Amy Schwirse's sisters, whom counsel represents, intends to file an estate.

Neither Wendi Worlitz nor undersigned counsel have authority to ask to substitute parties or dismiss the action as Wendi Worlitz is not legally a party to the lawsuit anymore, and counsel has no client. *See, e.g., Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008). Therefore, we are simply notifying the Court of the situation and asking to withdraw from any further obligations to prosecute this case.

**DATED** this 12th day of November, 2020.

By:   /s Jesse Merrithew
**Jesse Merrithew**, OSB No. 074564
**Ethan Levi**, OSB No. 994255
**Attorneys for Plaintiff**